UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY SEGEL,

        Plaintiff,

v.

KIMBERLY-CLARK CORPORATION AND
KIMBERLY-CLARK GLOBAL SALES, L.L.C.,

        Defendants.
                                         /

Case No. 09-10125

Honorable John Corbett O'Meara

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' DECEMBER 28, 2009 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants' December 28, 2009 motion for summary judgment. Plaintiff Garry Segel filed a response February 11, 2010; and Defendants filed a reply February 18, 2010. Oral argument was heard February 25, 2010, after which the court ordered the filing of supplemental briefs. Plaintiff filed a supplemental brief April 1, 2010; Defendants filed theirs April 12, 2010; and Plaintiff filed a supplemental reply June 8, 2010.

**BACKGROUND FACTS**

Defendant Kimberly-Clark ("K-C") hired plaintiff Garry Segel as a sales representative in 1985. Segel was promoted to Customer Business Manager III in 2003 when he was 50 years old. At that time he was assigned to a large grocery account with Meijer, focusing on the sale of K-C's personal care products. Segel's performance during his career with the company was good; he generally "Met" or "Exceeded Expectations" on his performance reviews.

In October 2006, K-C hired Bill Phillips as the Business Development Manager; and Phillips became Plaintiff's supervisor. By December, Phillips had prepared a draft appraisal of Plaintiff's

performance. The appraisals evaluated employees based on two criteria, "Results" and "Leadership Qualities." Phillips rated Plaintiff as "Meets Expectations" on results and "Improvement Required" for leadership qualities. However, in January Plaintiff's assessment was changed to "Exceeds Expectations" in results. In the final evaluation in March, when Phillips met with Plaintiff to give him the evaluation, Phillips had rated him "Exceeds Expectations" on results and "Less than Expected" on leadership skills. As a result of Plaintiff's rating on leadership skills, he was placed on a Performance Improvement Plan ("PIP") for 90 days, with evaluations every 30 days.

Upon completion of the 90-day review, all of the action steps were completed except for "flexibility." Plaintiff was given a Last Chance Agreement to complete the last action step. Defendants contend that it was during this last chance period of time that Plaintiff told one of Defendants' largest clients that Plaintiff did not agree with the client's philosophy, thereby violating the last chance agreement. Defendants determined that Plaintiff would be terminated because he "had not successfully demonstrated and completed" the "flexibility" step. Phillips dep. at 248. Plaintiff was terminated August 13, 2007. Defendant K-C promoted a 30-year old woman to replace Segel.

Plaintiff Segel subsequently filed a timely EEOC charge. Plaintiff filed this action alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and Michigan's Elliot-Larsen Civil Rights Act.

**LAW AND ANALYSIS**

"An employee may establish a claim under the ADEA by offering either direct or circumstantial evidence of age discrimination." Wexler v White's Fine Furniture, Inc., 317 F.3d 564, 570 (6th Cir. 2003). Where, as here, an employee's age discrimination claim is based on

2

circumstantial rather than direct evidence, courts apply the burden-shifting analysis articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

The McDonnell Douglas framework proceeds in three steps. First, the plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. Second, if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, if the defendant carries this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were mere pretext intended to mask discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).

In this case defendant K-C concedes that Plaintiff has proved a *prima facie* case. K-C, however, claims that it terminated Plaintiff's employment not on the basis of his age, but because of his "poor and unimproved leadership qualities and interpersonal skills." Defendants' br. at 12. Courts have found both poor leadership qualities and interpersonal problems to be non-discriminatory reasons for termination. See Chen v. Dow Chem. Co., 580 F.3d 394, 401 (6th Cir. 2009); Fuller v. Seagate Tech., L.L.C., 2009 U.S. Dist. LEXIS 73422, *28-29 (D. Colo. 2009).

Under theses circumstances, the United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show pretext by establishing: 1) the proffered reasons had no basis in fact; 2) the proffered reasons did not actually motivate the contested action; or 3) the reasons were insufficient to motivate the contested action. Manzer v. Diamond Shamrock Chem. Co., 29 F.3d 1078 (6th Cir. 1994)(overruled on other grounds). To avoid summary judgment, plaintiff Segel must proffer

sufficient evidence from which a jury could reasonably reject Defendants' reasons for his 2006 Performance Assessment, PIP, and termination.

Plaintiff argues that he was "high performing and was not in any danger of being terminated until Phillips arrived, and that Phillips forced Segel out by changing his number and then had to make up reasons to justify them." Plaintiff's br. at 17. Plaintiff claims that Phillips manipulated two aspects of the Performance Evaluation, ultimately turning an "8" into a "5"; that Phillips deviated in a number of ways from Defendants' processes; that Phillips concluded there was a deterioration of Segel's relationship with Meijer in 2006, but was unable to provide specific examples during his deposition; that the Meijer representative testified she had no complaints about Segel in 2006; and that Phillips ignored positive input and focused on the negative. Id. at 17-21.

Plaintiff's subjective disagreement with Defendants' business determination that his conduct was a problem is insufficient to establish that Defendants' reasons were false. Grzybowski v. DaimlerChrysler Svcs., 2006 WL 1374050 *7 (E.D. Mich. 2006) (granting summary judgment; "pretext requires more than second-guessing an employer's 'reasonably informed and considered' decision"). While Segel holds a personal opinion that his poor performance did not warrant any action by his employer, he has failed to present any evidence that his managers shared that opinion.

Nor has Segel proffered any evidence to show "circumstances which tend to prove that an illegal motivation was more likely than that offered by the defendant." Manzer, 29 F.3d at 1084. Plaintiff simply cannot establish that the 'sheer weight of the circumstantial evidence *of discrimination* makes it 'more likely than not' that [the defendant's] explanation is a pretext or coverup." Id. (emphasis added). Not only has Plaintiff admitted that no one at K-C ever made any age-related comments to him, he has also testified that he never complained to anyone that he

4

believed age was an issue in his Performance Assessment, PIP, or termination. Plaintiff's dep. at 98-99. Moreover, each of the relevant decision makers was, like Plaintiff, over age 40.

The only facts that establish Plaintiff's age discrimination claim are that he was over age 40 at the time of his termination and that he was replaced by a younger worker, facts that alone are insufficient to prove pretext. Manzer, 29 F.3d at 1085.

Moreover, no other employee received the same direct criticism about their interpersonal skills from a significant customer (Meijer) anything like the criticisms Segel received. Although he complains that he was treated differently from Lisa Mancinelli, a younger co-worker, she too was put on a PIP when her leadership qualities were assessed as "Improvement Required." Also, there is no indication that Mancinelli received criticism from a significant customer. It was only Segel's leadership qualities, not those of other employees outside the protected class, that failed to improved during both the PIP and the Last Chance Agreement.

At the close of oral argument on Defendants' summary judgment motion, the court requested that the parties submit supplemental briefs to determine whether court should deem relevant Plaintiff's argument that numerous age discrimination cases are currently pending against defendant K-C. The United States Court of Appeals for the Sixth Circuit has held, though, that "the pattern-or-practice method of proving discrimination is not available to individual plaintiffs." Bacon v. Honda of Am. Mfg., Inc., 370 F.3d 565, 575 (6th Cir. 2004). The court further opined that "patter-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment under the McDonnell Douglas framework." Id. Because this court has determined that plaintiff Segel's claim is not "otherwise viable," the pattern-or-practice argument is irrelevant here.

Finally, although Plaintiff alleged a claim for hostile work environment, his response brief failed to address the issue. Therefore, the court will deem that claim withdrawn.

## ORDER

It is hereby **ORDERED** that Defendant's December 29, 2009 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara  
United States District Judge

Date: August 31, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 31, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager